Filed 9/1/23  Nowarta Biopharma v. Merchant Star Internat. Gen. Trading CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| NOWARTA BIOPHARMA, INC., | |
| Plaintiff and Respondent, | G061839 |
| v. | (Super. Ct. No. 30-2021-01238852) |
| MERCHANT STAR INTERNATIONAL GENERAL TRADING, LLC, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Martha K. Gooding, Judge.  Affirmed.

Madison Law, Jenos Firouznam-Heidari and Brett K. Wiseman for Defendant and Appellant.

Jackson Tidus, M. Alim Malik, Kathryn M. Casey and Stephanie L. Talavera for Plaintiff and Respondent.

# INTRODUCTION

Merchant Star International General Trading, LLC (Merchant Star) appeals from an order disqualifying its counsel, Madison Law, from representing it as defense counsel. Nowarta Biopharma, Inc. (Nowarta), is suing Merchant Star over the unpaid balance for some Nowarta stock allegedly acquired by Merchant Star by fraud. Merchant Star's owners include three attorneys who are part of Madison Law, a law firm that represented Nowarta in the past. A Madison Law partner, Ali Parvaneh, served on Nowarta's board and was its general counsel for nearly three years. After Nowarta sued Merchant Star, Madison Law became Merchant Star's litigation counsel.

Nowarta moved in the trial court to disqualify Madison Law from representing Merchant Star, citing its former representation of Nowarta and especially Parvaneh's role as general counsel while the transactions at issue in the lawsuit were taking place. The court granted the motion, holding that Merchant Star's efforts to "reframe the complaint" to make the lawsuit into an action against Madison Law's attorneys were ineffective. Because Nowarta sued only Merchant Star, not its former attorneys, Madison Law had a conflict and could not represent Merchant Star.

We affirm. There is no question the two matters – Madison Law's former representation of Nowarta and the suit against Merchant Star – are substantially related. The lawyers who formerly represented Nowarta are bound by Business and Professions Code section 6068 and the Rules of Professional Conduct to maintain Nowarta's confidentiality. They cannot reveal or use the former client's confidential information in this lawsuit. Nowarta's confidential information is better protected if Merchant Star hires independent counsel to defend it.

# FACTS

According to the allegations of the complaint, Nowarta's founder holds a patent on a drug, now being tested, to treat human papilloma virus. Parvaneh, a partner in Madison Law, became Nowarta's general counsel while maintaining his position at

2

Madison Law.  Parvaneh also became a Nowarta director.  The firm itself provided services to Nowarta.  Parvaneh served as Nowarta's general counsel between 2018 and 2021, when he resigned.

Between 2018 and 2021, Merchant Star, owned by Parvaneh and two other Madison Law attorneys, acquired 250,000 shares of Nowarta stock.  The complaint alleges that Merchant Star paid only 20 percent of the purchase price for this stock and had no intention of paying the balance.  Nowarta is suing Merchant Star for fraud, breach of contract, and unfair business practices.

Madison Law filed Merchant Star's answer to the complaint.  Nowarta then moved to disqualify Madison Law from representing Merchant Star on the ground that Madison Law and Parvaneh were Nowarta's counsel and were prohibited from representing a Nowarta adversary.  As evidence supporting the motion, Nowarta submitted an attorney declaration dealing mainly with discovery and requested judicial notice of six documents from another pending case involving the same parties, including four declarations.[1]

In opposition, Merchant Star argued that whether Madison Law or some other firm represented Merchant Star in the litigation did not matter because Merchant Star's owners and Madison Law's attorneys were the same people.  If Merchant Star hired separate counsel, these lawyers would become privy to any confidential information the owners acquired during their representation of Nowarta while they mounted Merchant Star's defense.  So the only effect of disqualification would be to increase expenses and cause delay.  It would have no effect on client confidentiality.  As evidence, Merchant Star requested judicial notice of two complaints – one of which was the complaint in this action – and submitted an attorney declaration authenticating them.  Three other unauthenticated documents were included in the record.

---

[1]     A Nowarta discovery motion was on calendar for the same hearing date as the disqualification motion.

The trial court granted the motion to disqualify Madison Law. Pointing out that Madison Law has a duty to preserve the confidences and secrets of its former client, the court rejected Merchant Star's efforts to make the lawsuit about Parvaneh's performance as general counsel, in other words, a malpractice suit, or a breach of fiduciary duty suit, or a suit about the attorneys' conduct as lawyers. The only defendant in the action is Merchant Star; the agreement allegedly breached was between Nowarta and Merchant Star. Madison Law's legal services are not at issue here.

## DISCUSSION[2]

We review the trial court's order granting a disqualification motion for abuse of discretion. (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1143 (*SpeeDee*).) The trial court's "application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712, fn. omitted.) We review issues of law de novo. (*In re Charlisse C.* (2008) 45 Cal.4th 145, 159.)

To determine whether a conflict of interest requires disqualification, the trial court must look past the parties' interests. "The paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar. The important right to counsel of one's choice must yield to ethical considerations that affect the fundamental principles of our judicial process. [Citations.]" (*SpeeDee, supra,* 20 Cal.4th at pp. 1145–1146.)

---

[2] At the outset, we should point to the near total lack of admissible evidence to support either the motion itself or the opposition. The sole properly authenticated document supporting the motion was an email from Nowarta's counsel, demanding that Madison Law withdraw as Merchant Star's counsel. The rest of the evidence consisted of documents for which Nowarta requested judicial notice. The court granted the request, but only to the extent of the documents' existence and not for the truth of any matter asserted in them. The documents were therefore useless as evidence. The opposition evidence consisted of two complaints and three unauthenticated documents. Madison Star requested judicial notice for the complaints, and the court granted notice as to their existence, but not to the truth of the asserted matter. So the only opposition evidence before the court was that Nowarta had at one time filed a complaint against Parvaneh, Madison Law, and Merchant Star. The existence of this complaint had no bearing on the disqualification motion.

4

Business and Professions Code section 6068, subdivision (e), requires every attorney "[t]o maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client." The State Bar Rules of Professional Conduct underscore this basic obligation by requiring each affected client's informed written consent before an attorney may "represent a client if there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client, a former client or a third person, or by the lawyer's own interests." (Rules Prof. Conduct, rule 1.7(b).) Pursuant to rule 1.9(a) of the Rules of Professional Conduct, "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed written consent." In *Wutchumna Water Co. v. Bailey* (1932) 216 Cal. 564, the California Supreme Court articulated an attorney's duty after the attorney-client relationship has ended as follows: "[An attorney] may not do anything which will injuriously affect his former client in any matter in which he formerly represented him nor may he at any time use against his former client knowledge or information acquired by virtue of the previous relationship." (*Id.* at p. 573.)

In cases of successive representation, such as the one before us now, a disqualifying conflict of interest arises where an attorney seeks to represent a client with interests that are potentially adverse to a former client. "[T]he governing test requires that the client demonstrate a '*substantial relationship*' between the subjects of the antecedent and current representations." (*Flatt v. Superior Court* (1994) 9 Cal.4th 275, 283 (*Flatt*).)

When an attorney's representation of the former client was "direct and personal" – that is, when the attorney personally provided legal advice and services to the former client – then the question becomes whether a substantial relationship exists

between the subject of the former representation and the subject of the present one. (*Fiduciary Trust Internat. of California v. Superior Court* (2013) 218 Cal.App.4th 465, 479.)  If there is, then "access to confidential information by the attorney in the course of the first representation (relevant, by definition, to the second representation) is *presumed* and disqualification of the attorney's representation of the second client is mandatory . . . . [Citations.]"  (*Flatt, supra*, 9 Cal.4th at p. 283.)

There is, however, a narrow exception to this rule, exemplified in *Beachcomber Management Crystal Cove, LLC v. Superior Court* (2017) 13 Cal.App.5th 1105 (*Beachcomber*).  In *Beachcomber*, our court found that, in the case of a small, closely held corporation, an attorney who had in the past represented the corporation was not disqualified from representing the corporate insiders in a derivative suit brought by dissatisfied shareholders.  (*Id.* at pp. 1118-1119.)  The reason is that in that kind of corporation, where the management and the corporation were "intertwined," there was no threat to client confidentiality, which is the paramount concern in a successive representation situation.[3]  (*Flatt, supra,* 9 Cal.4th at p. 283; *Beachcomber, supra,* 13 Cal.App.5th at p. 1119.)  Because the corporation acted through its management, everything the corporation "knew" was also known by the management and to the attorney who had represented the corporation.  So there was no danger of corporate "secrets" being divulged to people who did not already know them.  (*Beachcomber, supra,* 13 Cal.App.5th at p. 1119, 1122.)

Merchant Star concedes that Nowarta is Madison Law's former client and that Madison Law's representation of Merchant Star in the present action is substantially related to Madison's Law's former representation of Nowarta.  Merchant Star, however, analogizes its situation with that of the attorney who represents the corporate insiders in a

---

[3]  In a concurrent representation situation, the paramount concern is attorney loyalty to the client. (*Flatt, supra,* 9 Cal.4th at p. 284.)

6

derivative suit, as in *Beachcomber*, an argument it did not make to the trial court when it opposed Nowarta's disqualification motion.

On appeal, Merchant Star tries again to "reframe the complaint" to make the present case into one against the Madison Law attorneys. It asks us to take judicial notice of a derivative action filed by Merchant Star against Nowarta's founder, with Nowarta as a nominal defendant; the cross-complaint in that action filed against Madison Law, Parvaneh, and Merchant Star; the request for dismissal of the cross-complaint; and two dockets, one showing the dismissal of the cross-complaint and the other showing a complaint filed by Nowarta against Parvaneh, which was immediately dismissed. These documents are intended to show that Nowarta's dispute is really with its former attorneys, and that it has dismissed these pleadings for tactical reasons. The "tactic" was to eliminate naming the attorneys so that Madison Law cannot represent Merchant Star.

Merchant Star has offered no authority for the proposition that the motive behind the way the complaint is constituted has any bearing on whether an attorney should be disqualified. Nowarta has, at least as of now, given up any dispute it may have with its former attorneys about their legal services or about any breach of their fiduciary duty to the company as its lawyers. For this reason, none of the cases Merchant Star has cited regarding what lawyers may or may not do with respect to confidentiality when they are sued directly has any bearing on the issue before us. Merchant Star is the sole defendant in this action, and its activity, i.e., purchasing stock in Nowarta, is the only conduct under scrutiny. The complaint alleges that the owners of Merchant Star are alter egos of Merchant Star, not of Madison Law. The allegations of the complaint explain how Parvaneh was able to use his position at Nowarta to deceive and defraud it on

7

Merchant Star's behalf, but they do not seek to hold him personally responsible for this deception.[4]

Merchant Star blithely states that if it hires new counsel, the owners of Merchant Star, who are also Nowarta's former attorneys, can tell all they know to new counsel. No, they cannot. It is as simple as that. Even though they no longer represent Nowarta, each attorney is still required "[t]o maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client." (Bus. & Prof. Code, § 6068, subd. (e).) Rules of Professional Conduct, rule 1.6(a), provides, "A lawyer shall not reveal information protected from disclosure by Business and Professions Code section 6068, subdivision (e)(1), unless the client gives informed consent, or the disclosure is permitted by paragraph (b) of this rule."[5]

Nowarta never consented to any disclosure of its confidences and secrets. The attorneys must shield this information from new counsel for Merchant Star. Period.

Merchant Star argued in the trial court that it cannot defend itself if Parvaneh and the other Madison Law attorneys cannot disclose confidential client information. To the extent this is true, it is the consequence of lawyers being heavily involved on both sides of a business transaction between two companies that are now adversaries. But it cannot be universally true. Whether Merchant Star acquired shares in Nowarta is not confidential. Whether it paid the correct price for them is not confidential. If there are agreements memorializing the purchase and sale, those are probably not confidential. Parvaneh and the other Madison Law attorneys can testify regarding conversations they had among themselves and other facts regarding the stock purchase as members of Merchant Star, so long as they were not discussing Nowarta's

---

[4]    We therefore deny Merchant Star's request for judicial notice as irrelevant to the issues before us in this appeal. (See *Mozzetti v. City of Brisbane* (1977) 67 Cal.App.3d 565, 578.)

[5]    The narrow exception to this rule permits a lawyer to disclose confidential information if the lawyer reasonably believes disclosure is necessary to prevent a criminal act that the lawyer reasonably believes will cause death or substantial bodily harm.

confidential client information.  At least some of Merchant Star's own records regarding the purchase and sale will not be confidential.

By hiring other counsel, Merchant Star places a buffer between its owners' knowledge of Nowarta's confidential information and what it can use to defend itself. Merchant Star's owners are not permitted to reveal Nowarta company secrets to their new defense counsel.  In this way, a former lawyer's paramount duty of confidentiality can be fulfilled.

## DISPOSITION

The order disqualifying Madison Law is affirmed.  Respondent is to recover its costs on appeal.  Appellant's request for judicial notice is denied.


BEDSWORTH, ACTING P. J.

WE CONCUR:


GOETHALS, J.


MOTOIKE, J.

9